Randall vs. Dailey.

RANDALL, Appellant, vs. DAILEY, Respondent.

*April 9—May 15, 1886.*

<div style="float:right; border:1px solid;">66 285<br/>84 666</div>

TAXATION: TAX TITLES. *(1) Action to bar original owner: Admission of ownership: Pleading. (2) Informality of receipt for taxes. (3, 4) Full payment: Mistake of officer: De minimis. ·(5) Payment before sale.*

1. The bringing of an action under sec. 1197, R. S., to bar the original owner of lands sold for taxes, is an admission on the part of the plaintiff that the defendant is such owner, although the complaint does not (as it should) allege that fact.

2. Where taxes are paid to a person authorized by the county treasurer to receive such payment, the fact that the receipt is signed only by a stamp with a *fac-simile* of the treasurer's signature, and is not countersigned by the county clerk, will not affect the rights of the tax-payer as against one who subsequently purchased his land at a sale for the nonpayment of such taxes.

3. A land-owner paying taxes to the county treasurer or one authorized by him to receive payment, is entitled to rely upon the statement of the officer as to the amount due, and cannot be prejudiced by a mistake of such officer.

4. Where the amount of taxes and charges due was $14.46, and by mistake the amount paid was only $14.21, the difference is too small to be regarded in deciding the question of the legality of the payment as against a subsequent sale of the land for the nonpayment of such taxes.

5. A tax deed is void if the taxes were paid by the owner before the sale.

APPEAL from the Circuit Court for *Chippewa* County. The facts will sufficiently appear from the opinion.

For the appellant there was a brief by *Hollon Richardson*, and oral argument by *John Randall.* They contended, *inter alia*, that the defendant, having failed to show title in himself, cannot question the title of the plaintiff. Being a stranger to the record, and having failed to show title in himself, he had no right to pay the tax in question. *Eaton v. North*, 25 Wis. 514; *Cousins v. Allen*, 28 id. 235; 7 Iowa,

512; 19 id. 372; 16 How. 617, 618; Blackwell on Tax Tit. (4th ed.), sec. 417. The tax receipt was not admissible in evidence, because not in the handwriting of the county treasurer or made by him or under his direction, and because not countersigned by the county clerk. R. S. sec. 709, subd. 13; sec. 715, subd. 1, 4; secs. 1129, 4164, and 4971, subd. 19; *Mericle v. Mulks*, 1 Wis. 380; 6 Kan. 128. To make the redemption complete the whole tax must have been paid. R. S. secs. 1088, 1130, 1135; *Woodman v. Clapp*, 21 Wis. 350; *Butler v. Regents*, 32 id. 124; *Smith v. Schulenberg*, 34 id. 41; *Arnold v. Sup'rs Juneau Co.* 43 id. 627; *Catlin v. Wheeler*, 49 id. 507, 524; 3 R. I. 196; 65 Pa. St. 515; 4 Denio, 166, 189; 47 How. Pr. 440; 5 Johns. 204, 225; 20 Ark. 277; 6 Ohio, 430; 4 Wend. 474; 56 Ill. 262.

For the respondent there was a brief by *Arthur Gough*, and oral argument by *John J. Jenkins*. To the point that the payment of the taxes before the sale avoided the sale, they cited *Sprague v. Coenen*, 30 Wis. 209; R. S. sec. 1129.

ORTON, J.   This action was brought under sec. 1197, R. S., which authorizes the grantee of a tax deed to commence an action against the owner or owners of the land at the time of the tax sale for the purpose of barring such owner or owners, and those claiming under them, of all right, title, interest, or claim in such land. The defendant answered that he was the owner of the land in fee, and is, and has been for many years, in possession thereof, and paid the taxes on said land for the year for which it was sold, and before the sale; and prayed that the said tax deed be declared null and void, and the land discharged therefrom. The circuit court found all the issues in favor of the defendant, and rendered judgment according to the prayer, from which this appeal is taken. The tax sale was made on the 13th day of May, 1879, for the taxes of 1878, and the tax deed was issued July 24, 1882. There was evidence offered,

and objected to, in respect to the defendant's title to the land.

The complaint is defective in not alleging that the defendant was the owner. The plaintiff assumes and admits that he was the owner by bringing the action against him, for the statute authorizes such an action to be brought only against the owner or owners. The complaint does not allege that he was the owner, or even claimed the land.

The land was wild and uncultivated, but the defendant had always paid the taxes. It seems that the defendant went to the county treasurer's office on the 9th day of May, 1879, the day before the sale, and asked a person who was acting as clerk in the office the amount of the taxes on said land, and the amount was stated to be $14.21, and he paid it, and such person gave him a receipt therefor in full for delinquent taxes on the land for the year 1878, with interest and subsequent costs and charges, and signed it by using a *fac-simile* stamp of the name of the county treasurer. The county treasurer testified that such person acted under his directions in receiving said taxes, and their payment appeared on the stub of the receipt-book in his office, and that the land was sold by mistake. The receipt was not countersigned by the county clerk. We think that there was sufficient evidence of authority in the clerk in the office to receive said taxes as he did, and that his act was assumed and ratified by the county treasurer himself. The informality or defect in the receipt cannot affect the rights of the defendant.

There was some evidence tending to show that the clerk did not receive a sufficient amount to cover all the charges, and that the defendant ought to have paid twenty-five cents more. The receipt having been that of the treasurer, and the clerk having had sufficient authority to act for him in receiving the money, the defendant had a right to rely upon .the correctness of the amount given him by such clerk.

The mistake of the officer in such a matter ought not to prejudice the owner of the land, who pays all that he states, from his books and records, is required to be paid, and will not. *Wakefield v. Rotherham*, 25 N. W. Rep. 697. Besides, this is too trifling and small a sum to be regarded in deciding upon the legality of the payment in full of the taxes for which the land was afterwards sold. *Kelley v. Corson*, 8 Wis. 182. The special exceptions found in the record are unimportant in such a case. The evidence that was clearly competent showed conclusively that the taxes for which the land was sold had been duly and lawfully paid by the defendant, as the owner of it, before such sale. The plaintiff's tax deed was therefore void, and was properly declared so.

*By the Court.*— The judgment of the circuit court is affirmed.