(April 24, 1912.)

# L. F. PARSONS, Appellant, v. JOE WRBLE, Respondent.

[123 Pac. 638.]

TAX SALE CERTIFICATE—SALE TO COUNTY—ENTRY OF SUBSEQUENT AS-SESSMENTS.

(Syllabus by the court.)

1. Where a tract of land was sold in the year 1905 for the taxes of 1904, and the property was struck off to the county, and was thereafter assessed each year during the period of redemption against the land owner, and the assessor failed and neglected to make the entry of the subsequent assessments in red ink as provided by sec. 1755, Rev. Codes, and the attention of the tax collector was accordingly not called to the fact that the land had been previously sold to the county for delinquent taxes, and there was nothing to notify either the taxpayer or the tax collector at the time of the payment of the taxes under subsequent assessments that the land had been previously sold to the county for delinquent taxes, and where the property owner had remained in possession of the land continuously until the commencement of an action to quiet title: *held,* that the failure on the part of the taxing officer to make the entry as provided by sec. 1755 was an error which prejudiced a substantial right of the land owner, and is sufficient to defeat the tax deed where the land owner tenders and offers to pay the taxes, penalty, interest and costs incurred.

2. It is the rule of law in this state that all statutes must be liberally construed with a view to accomplishing their aims and purposes and attaining substantial justice.

3. An error or omission in the performance of a duty imposed by law on a taxing officer which results to the prejudice of a taxpayer, or which would raise the presumption that he was prejudiced when viewed in the light of his conduct and the surrounding facts and circumstances under which he acted, should be resolved and construed in favor of the taxpayer and on the side of equity.

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to quiet title. Judgment for defendant. Plaintiff appeals. *Affirmed.*

Dwight E. Hodge, for Appellant.

The decree of the lower court is erroneous in so far as it is based on the failure of the assessor to prepare and file in his own and the treasurer's office the records of tax sale certificates provided by secs. 1760 and 1761, Rev. Codes. (*Stewart v. White,* 19 Ida. 60, 112 Pac. 677.)

The entry of assessment in red ink cannot be required for the purpose of giving notice to the owner of the prior sale, because it is required only while title to the outstanding certificate is in the county; if such title be in anyone else, the red ink entry is not required. (See sec. 1755, Rev. Codes.) Hence, the error of the assessor in this regard is not of any consequence.

"Substantial compliance with the requirements of the law in making assessment is all that is necessary. If property is a subject of taxation, it cannot escape through technical failure of the officer to perform his duty unless it has actually misled the party to his injury." (*Co-op. etc. Assn. v. Green,* 5 Ida. 660, 51 Pac. 770; *Oregon etc. Co. v. Pioneer Irr. Dist.,* 16 Ida. 578, 102 Pac. 904.)

This rule has been extended to include not merely acts relating to assessment, but all acts connected with the whole proceeding from the levy to the issue and form of the tax deed. (*Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511; *White Pine Mfg. Co. v. Morey,* 19 Ida. 49, 112 Pac. 674; *McGowan v. Elder,* 19 Ida. 153, 113 Pac. 102; *Turner v. Hutchinson,* 113 Mich. 245, 71 N. W. 514.)

Clay McNamee, and James L. Harn, for Respondent.

The failure of the county auditor to attach his affidavit to the corrected assessment-book before delivering the same to the tax collector as prescribed and required in sec. 1724, Rev. Codes, and the failure of the assessor to enter in red ink on the assessment-rolls all taxes and penalties accruing against the property after sale to the county for delinquent taxes, and during the period of time in which the county held the tax certificates, as provided by sec. 1755, is decisive of

this case. (*Miller v. Kern County,* 137 Cal. 516, 70 Pac. 549; *Steele v. San Luis Obispo County,* 152 Cal. 785, 93 Pac. 1020; *People ex rel. Gillies v. Suffern,* 68 N. Y. 321; *Brevoort v. City of Brooklyn,* 89 N. Y. 128; *Bradley v. Ward,* 58 N. Y. 401; *Maxwell v. Paine,* 53 Mich. 30, 18 N. W. 546; Cooley on Taxation, 2d ed., 412.)

AILSHIE, J.—This action was instituted for the purpose of obtaining a decree quieting plaintiff's title to a tract of land. A judgment by default was entered and the default was subsequently set aside and the defendant permitted to answer. (*Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8.) The case was tried and judgment and decree were entered in favor of the defendant and the plaintiff has appealed.

The appellant relies for recovery on a tax deed issued July 17, 1908, based on a tax sale certificate issued July 11, 1905, for the taxes assessed against the tract of land for the year 1904. It appears that the respondent Wrble made his final proof on this land May 4, 1903, and that patent was issued therefor on August 1, 1904. The land was assessed for the first time in the year 1904, and the respondent failed and neglected to pay his taxes and allowed them to go delinquent, and the property was accordingly sold in July the following year, and there being no bidder, the land was struck off to the county. The county subsequently sold the certificate to appellant.

It appears from the findings of the trial court that there were a great number of irregularities in the assessment of this property. The court finds, first, that the county auditor neglected and failed to attach to the assessment-book the affidavit required by sec. 1724 of the Rev. Codes before delivering the same to the tax collector; second, that after the purported tax sale, July 11, 1905, the tax collector neglected and failed to deliver to the county treasurer a duplicate of the certificate of tax sale, and that no duplicate was ever filed in the office of the treasurer, as required by sec. 1760 of the Rev. Codes; third, that the tax collector failed and neglected to make entry in a book kept for that purpose, or

in any book, of the name of the party assessed, together with a description of the land corresponding to that in the certificate, and the date of sale, purchaser's name and amount of taxes and penalties, as required by sec. 1761 of the Rev. Codes; fourth, that after the execution and delivery of the tax sale certificate, and while the county was still the owner and holder thereof, and prior to the time when the county became entitled to a tax deed, the assessor failed and neglected to enter on the assessment-roll in red ink the subsequent assessments, as required by sec. 1755 of the Rev. Codes; fifth, that the county auditor failed and neglected to affix his seal of office to the assignment of the tax sale certificate to this appellant, as required by sec. 1774 of the Rev. Codes.

The court thereupon concluded that the sale was void and that the plaintiff, who is appellant herein, was not entitled to a decree quieting his title to the property, and entered a decree quieting the title in the defendant, upon delivery of the principal and interest and penalties to the plaintiff by the clerk, in whose hands the same had been deposited upon the filing of the answer herein.

Counsel for appellant argues all of these questions and presents a very clear and concise statement of his position on the law governing the same. This court has heretofore considered and passed upon questions very similar to most of those raised in this case, and on most of them its conclusion has been adverse to the position taken by respondent. (*Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511; *White Pine Mfg. Co. v. Morey,* 19 Ida. 49, 112 Pac. 674; *Stewart v. White,* 19 Ida. 60, 112 Pac. 677; *McGowan v. Elder,* 19 Ida. 153, 113 Pac. 102.)

Since the court held in this case against the validity of the tax deed, if we find any one of the grounds stated against its validity sufficient to support the judgment, it will be unnecessary for us to consider any further defects or objections to the validity of the deed. As we view the facts of this case, and the law applicable thereto, the failure of the assessor to enter subsequent assessments in red ink, as required by sec. 1755 of the Rev. Codes, during the period

while the county held the tax sale certificate and subsequent to the expiration of the period of redemption, was a substantial error and defect which prejudiced the rights of the respondent and was sufficient to defeat the appellant's title.

Sec. 1755 of the Rev. Codes provides as follows:

"All taxes and penalties which have accrued upon property subsequently assessed after sale to the county, shall, as long as the county retains the tax certificate therefor and until the date when the county is entitled to a tax deed for such property, be entered by the assessor in red ink, with the amount for each year, under the current assessment for property for each year, but such amounts shall not be extended into the footing of such assessment-roll. At the expiration of the time in which the county is entitled to a deed for any such property, the assessor shall immediately execute a deed therefor and file the same with the recorder for record. When the taxes due on any property so subsequently assessed, are paid, the auditor shall cancel such tax opposite the original assessment for each year, showing the amount of tax and penalty paid thereon, with date paid."

It will be noted that by the foregoing provisions of the statute the assessor is required to assess property which has been sold to the county during the subsequent years so long as the county holds the certificate and during the period of redemption, but such "amounts shall not be extended into the footing of such assessment-roll." This provision of the statute is intended to serve a twofold purpose: First, to prevent the cost and expense of subsequent sales of the property. This purpose serves both the county and the land owner. The second and further purpose is to give notice to the tax collector and also to the property owner that the property has previously been sold for delinquent taxes, and so when the land owner calls upon the assessor to pay his taxes, if the land has been previously sold to the county for taxes, that fact will at once appear by the red ink entry of the assessment for the subsequent year or years.

Sec. 1754 provides that where property has been sold to the county for delinquent taxes, it shall be assessed each

subsequent year but shall not be sold for such subsequent assessments. This section also provides that no person shall be allowed to redeem from such a sale made to the county "except upon payment of the amount due upon such tax certificate, and also of the amount of all subsequent assessments, penalties, costs and fees, and interest on each amount at the rate of eighteen per cent per annum from the date of tax sales in the respective years at which such assessment becomes delinquent." Now, it will be seen that sec. 1754 forbids a redemption from a tax sale certificate without also paying all subsequent assessments, penalties, etc. On the other hand, it does not in so many words prohibit a land owner paying the taxes of a subsequent year without redeeming from a previous tax sale. The legislature, however, never thought it necessary to write any such a provision into the statute, as it was not supposed that a man would want to pay taxes for a subsequent year on land that had been sold for taxes of a previous year, without first paying such tax or removing the cloud cast upon his title by such tax sale.

In the case at bar Wrble allowed his taxes to go delinquent for the year 1904 and his land to be sold for such tax. On the other hand, he paid his taxes for every subsequent year up to the time of the commencement of this action in January, 1910. Now, had the taxing officer complied with the provisions of sec. 1755, *supra,* and entered the assessments for 1905, 1906 and 1907 in red ink, Wrble would have had notice of the sale of his property to the county every year when he called to pay his taxes. On the contrary, this was not done and he paid his taxes from year to year without redeeming from this tax sale, and it appears that even the collector himself either did not know, or overlooked the fact, that the property had been previously sold to the county for delinquent taxes, and one of the employees in the assessor's office advised Wrble after the commencement of this action that there were no taxes due on his land and that everything had been paid. During all this time Wrble was in possession of the land cultivating and improving it. It also appears

that he is an ignorant foreigner who does not understand our language or customs very well.

It is the purpose of the revenue law to give ample notice to the property owner before taking his property for a tax or assessment. It therefore provides for various notices, both actual and constructive, prior to a delinquent sale. It then gives him a period of three years in which to redeem from such sale (sec. 1770), and in case of sale to the county it gives him the additional notice of requiring that all subsequent assessments during the period of redemption specifically indicate by a red ink entry that the land has previously been sold to the county for delinquent taxes. This is a special protection given the property owner to enable him to redeem his property and save the title. In such cases he is practically given notice each year for three years in case he pays his taxes each subsequent year after the delinquency occurs.

Counsel for appellant argues that this requirement of the statute is merely directory and that a failure to comply with it cannot affect the validity of a tax sale, for the reason that no such requirement is made where the sale has been made to a third party. There is much force and reason in this argument, and it is difficult to see why the legislature should have made such a provision and required the giving of such additional notice to a property owner where the land is bought in by the county, and not given him that notice where it is bought in by a third party, but the answer that a court must necessarily give to this argument is that the legislature has spoken, and the court has no authority to brush aside this provision and take from the property owner this additional protection given him where the county is the purchaser of his property.

If a property owner should not pay his taxes during any one of the three subsequent years allowed for redemption, then it is difficult to see how he could be deceived or misled by failure of the assessor to make the red ink entry. If he allows his property to go for four continuous years without paying any taxes on it and fails to call on the tax collector

during the three years of redemption, it would seem that the failure to make the red ink entry of the assessment would in no way prejudice him or affect his substantial rights in the least. On the other hand, where he has paid his taxes every year during the period of redemption and has had nothing to call his attention to the matter and has not been notified either by the tax-roll or the collector that his land has been sold to the county, it would seem that he has been prejudiced in a substantial right. It is clear to anyone who reads the record in this case that if the red ink entry had been made and the collector had notified Wrble that his land had been sold for the taxes of 1904, he would have made payment and redeemed from the tax sale. The rule has been announced and uniformly adhered to in this state that all statutes must be liberally construed with a view to accomplishing their aims and purposes and attaining substantial justice. (Sec. 4, Rev. Codes, and cases cited in note.) In the light of this rule, an error or omission in the performance of a duty imposed by law on taxing officers, which results to the prejudice of a taxpayer or which would raise the presumption that he was prejudiced, when viewed in the light of his conduct and the surrounding facts and circumstances, should be resolved and construed in favor of the taxpayer and on the side of equity. (*Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511; *Stewart v. White,* 19 Ida. 60, 112 Pac. 677; *White Pine Mfg. Co. v. Morey,* 19 Ida. 49, 112 Pac. 674.)

For the foregoing reasons we are satisfied that the judgment should be affirmed, and it is so ordered. Costs awarded in favor of the respondent.

Stewart, C. J., and Sullivan, J., concur.