(July 15, 1912.)

## B. F. GRIFFITH, Appellant, v. ANDREW ANDERSON, Respondent.

[125 Pac. 218.]

DELINQUENT TAX SALE—PAYMENT OF TAXES—SALE TO COUNTY—ASSESS-
MENT WHILE COUNTY HOLDS CERTIFICATE.

(Syllabus by the court.)

1. Where a property owner pays the taxes on a tract or parcel of land to the county assessor, and the assessor thereupon gives an informal and unofficial receipt for such taxes and fails to turn the money in to the county or to credit the land owner on the books of his office, and the county thereafter advertises the property for delinquent sale and sells the same and it is struck off to the county, and the county thereafter takes a tax deed to the property, *held,* that the county had no right to sell the property and acquired no valid title thereto.

2. Where a tract of land is sold at delinquent tax sale and is struck off to the county and the property is thereafter assessed from year to year to the land owner and the taxes so assessed are paid from time to time and the assessor has failed and neglected to carry the property on the assessment-roll in red ink entry, as provided by sec. 1755, Rev. Codes, *held,* that the county acquires no valid title to the property and cannot give a good title to a purchaser. *Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638, approved and followed.

APPEAL from the District Court of the Fourth Judicial District for Elmore County. Hon. C. O. Stockslager, Judge.

Action to quiet title. Judgment for the defendant. Plaintiff appeals. *Affirmed.*

B. F. Griffith and E. M. Wolfe, for Appellant.

Public policy forbids the application to the state of the doctrine of estoppel growing out of the conduct and representations of its officers. (*People v. Brown,* 67 Ill. 435; Cooley on Taxation, 444; *Wells v. Johnston,* 171 N. Y. 324, 63 N. E. 1095.)

No laches can be imputed to the government, and by the same reasoning it excuses it from laches, and on the same grounds it should not be affected by the negligence or even wilfulness of any of its officials. (*Philadelphia Mortgage & Trust Co. v. City of Omaha,* 63 Neb. 280, 93 Am. St. 442, 88 N. W. 523, 57 L. R. A. 150; *County of Buena Vista v. Iowa Falls & Sioux City R. Co.,* 46 Iowa, 226; *Crane v. Reeder,* 25 Mich. 303.)

A state cannot be subject to an estoppel in the matter of the exercise of its taxing power. (*Chicago etc. Ry. Co. v. Douglas Co.,* 134 Wis. 197, 114 N. W. 516, 14 L. R. A., N. S., 1074; *Berger v. Multnomah County,* 45 Or. 402, 78 Pac. 224.)

Daniel McLaughlin, for Respondent.

Payment of taxes may be proved under the laws of this state in the same manner that the payment of any individual obligation is proved. The statutes of this state do not make a tax receipt indispensable evidence. (23 Am. & Eng. Ency. of Law, 978.)

In an ordinary equity suit the allegations of the complaint may be established by a preponderance of the evidence. (*Rice v. Rigley,* 7 Ida. 115, 61 Pac. 290, 20 Morr. Min. Rep. 553; *Denny v. Holden,* 55 Wash. 222, 103 Pac. 1110; *Harras v. Harras,* 60 Wash. 258, 110 Pac. 1087; 18 Am. Dig., sec. 529; *Hinshaw v. State,* 147 Ind. 334, 47 N. E. 163.)

Where plaintiff, after purchasing certain land, applied in good faith to the proper officer to pay the taxes thereon, and payment for one year was not made, because the taxing officer stated that there were no taxes unpaid or delinquent against the land except those which plaintiff had previously paid, a tax deed pursuant to a sale for taxes for the year for which the lands were in fact delinquent was void. (*Taylor v. Debritz,* 48 Wash. 373, 93 Pac. 528; *Bullock v. Wallace,* 47 Wash. 690, 92 Pac. 675; 27 Am. & Eng. Ency. of Law, 755.)

Among the officers in the favor of whose acts the presumption of regularity has been extended are the following: " . . . . Tax assessors, collectors and other taxing officers."

(16 Cyc. 1079; Abbott's Trial Briefs, "Mode of Proving Facts," 502.)

The doctrine of estoppel applies against municipalities as well as against individuals. (Cooley on Taxation, 1521; *Moon v. March,* 40 Kan. 58, 19 Pac. 334.)

If the owner of the land, or the holder of the lien thereon, applies in good faith to the proper officer for the purpose of ascertaining the amount of the taxes and paying the same, and is prevented by such officer's mistake, wrong or fault, such attempt to pay is regarded as equivalent to payment. (Cooley on Taxation, 809.)

The court found that the property was not carried on the assessment-rolls in red ink from 1903 to 1910, inclusive. (*Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638.)

Equity does not favor the purchase of litigious title or of stale demands revived after they were naturally regarded as abandoned. (*Porter v. Noyes,* 47 Mich. 55, 10 N. W. 77; 9 Cent. Dig., sec. 36, p. 2001.)

AILSHIE, J.—This action was instituted by the appellant in the district court in and for Elmore county to quiet title to lots 1, 2, and 3, in block 5, town of Mountainhome. Judgment was entered for the defendant and the plaintiff appealed.

The plaintiff's right and title grows out of a tax sale for delinquent taxes on the property for 1902. It is alleged that the taxes went delinquent for that year, and the property was subsequently sold and struck off to the county. The county received a deed to the property later and thereafter sold it to the appellant.

As we view the case, it is unnecessary for us to review or discuss the evidence at any length. There is considerable conflict in the evidence, but where there is a conflict there is sufficient evidence to support the findings of the trial court, and we shall, therefore, state briefly the salient and decisive facts found by the trial court with such incidental comment as we deem necessary in connection therewith. The court finds in substance the following facts:

That the property was assessed for the year 1902 and that during the time provided by law for the payment of taxes, the owner of the property, Anna Ellison, paid the taxes to the assessor of Elmore county. In reference to this finding, it is well enough to observe that the evidence discloses that the payment was made by the owner of the premises to the assessor when he was at her home and that he did not have his official receipt-book with him and that he gave her a written, informal receipt for the money, and that he never entered this on his books or made any record in his office of the payment of this money. About this time he became a defaulter in a large sum and was subsequently prosecuted and convicted and sentenced to a term in the penitentiary.

The court finds that this property was placed on the delinquent list for the 1902 taxes and in July, 1903, was sold at delinquent tax sale and was duly and regularly sold and and struck off to the county. Of this proceeding the owner of the property, Mrs. Ellison, apparently had no actual notice and only such constructive notice as the advertisement would give. Thereafter and in the year 1905, when she discovered that she had not been given credit for the 1902 taxes paid by her to the assessor, she transmitted her receipt evidencing the payment of her taxes for 1902 to the board of county commissioners, and demanded that she be given credit on the proper assessment-roll for the amount evidenced thereby. The board thereafter considered the matter, and during the same year and subsequent to the meeting of the board the deputy clerk of the board notified Mrs. Ellison that the amount evidenced by such tax receipt would be duly credited to her on the proper tax records of Elmore county, and the evidence discloses that the acting assessor some time after the meeting of the board wrote the word "redeemed" on the record of tax sale certificates in his office under the heading "Name of Redemptioner" and opposite certificate No. 56, which was the certificate issued to the county for this land. During the same year, 1905, Mrs. Ellison and her husband sold and conveyed the property to James R. Clark. Thereupon Clark called on the assessor for a statement of all

taxes due, unpaid or delinquent against the property, and in reply thereto was furnished with a statement, and he thereupon paid all the taxes called for or demanded by such statement, but this statement did not include or make any mention of any delinquent taxes for 1902 or any tax sale having been made. The property was assessed from year to year after 1902 against Mrs. Ellison and her successors in interest and title, and the taxes were duly and regularly paid each succeeding year. Subsequently and prior to the issuance of the deed to the county and from the county to appellant, Clark sold and conveyed the property to the respondent Anderson, and Anderson continued to pay the taxes from year to year. The sale for delinquent taxes was made by the county and the property was struck off to the county in July, 1903, but no deed was issued to the county until 1910, and the property was never carried on the assessment-roll, as required by sec. 1755, Rev. Codes, and noted in red ink as therein provided to be done in all cases where property has been sold to the county for delinquent taxes and a certificate therefor has been issued to the county.

The provisions and application of sec. 1755, Rev. Codes, were considered by this court in *Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638, and it was there held in a somewhat similar case that a failure to make the *red ink entry* and carry the assessment on the roll, as provided by sec. 1755, *was prejudicial to the substantial right of the property owner and avoided a tax sale.* The trial court concluded as a matter of law that the county, having received, through its duly elected and qualified assessor, the tax money covering the assessment for 1902, was responsible for the action of its officer in this matter, and that it had no power or authority to thereafter legally sell the property for delinquent taxes for the year 1902, and that the sale was therefore void and that the county received no title to the property.

The legal conclusions reached by the court were unavoidable and inevitable. It is clear to us that the county acquired no valid title to this property. In the first place, the taxes were in fact paid and the county never had any jurisdiction

to sell the property for delinquent taxes. In the second place, there was a total failure to comply with the requirements of sec. 1755, and under the plain provisions of that section and the construction placed upon it by this court in *Parsons v. Wrble, supra,* the county was precluded from asserting any title to the property by reason of such tax sale.

Some contention has been made in this case by respondent against the right of appellant to maintain his action, on the ground of his being an attorney at law and that he had purchased this property from the county for the purpose of prosecuting an action thereon. This contention is absolutely without merit. There is nothing whatever shown in this case as having been done by appellant inconsistent with his duties and obligations as an attorney at law, and no reason is shown why he did not have the same right as any other person to purchase such title from the county as the county had in the premises.

Judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Stewart, C. J., and Sullivan, J., concur.