(April 25, 1914.)

## JOHN M. FIX, Respondent, v. H. N. GRAY, Appellant.

[140 Pac. 771.]

DELINQUENT TAXES—DELINQUENT TAX SALE—DILIGENCE OF TAXPAYER —FAILURE TO GIVE NOTICE TO TAXPAYER OF DELINQUENCY.

 1. Where a land owner owns two separate tracts of real estate in the same county aggregating 760 acres and resides in another county, and had been in the habit for more than twenty years of writing to the assessor for statement of the amount of taxes due for the year, and upon receiving the statement of the amount sending his check in payment therefor, and in the year 1907 wrote a similar letter to the tax collector inquiring the amount of his taxes, but failed to give a description of the land he owned in the county, and the assessor replied giving a statement of the amount due, and

such statement omitted a tract of 320 acres, and the land owner paid the amount called for by the statement and received his receipt therefor, and failed and neglected to read the description contained in the receipt, and consequently failed to observe that he had not paid the taxes on all of his real estate in the county, but the amount so paid was approximately the same as he had paid the previous year upon his entire holdings in the county, and the 320 acres were thereafter advertised and sold for delinquent taxes, and the time for redemption expired and a tax deed was issued to the purchaser, and during the subsequent years the land owner had continued to pay the taxes on this tract of land as well as his other holdings in the county, and he had no notice of delinquency of taxes or sale of the property for 1907 until after the issuance of the deed, and he thereupon tendered the amount which had been paid together with interest and penalties, *held,* that the property owner upon payment of the taxes, together with interest, penalties and costs, will be entitled to a decree canceling and setting aside the tax deed and quieting his title to such property.

2. Where property was sold for taxes delinquent for the year 1907, and the red ink entry was entered upon the tax-roll as required by statute, and thereafter an entry was made opposite the description of the same land and on the same roll that the tax had been canceled by order of the board of commissioners, and the land owner never had any notice that there were any delinquent taxes held against the land nor that it had been sold for delinquent taxes, and paid his taxes from year to year thereafter on such land, and upon discovering that the land had been sold for delinquent taxes and immediately upon the issuance of a tax deed therefor tendered the amount of taxes so paid together with interest, penalties and costs to the purchaser, *held,* that the land owner was entitled to have the deed surrendered and canceled and that the tax sale was irregular and voidable.

APPEAL from the District Court of the Second Judicial District for Latah County. Hon. Edgar C. Steele, Judge.

Action to cancel tax deed and to quiet title. Judgment for plaintiff. Defendant appealed. *Affirmed.*

James E. Babb, for Appellant.

In the case at bar the party knew he was the owner of two entirely separate and distinct tracts located in different places and he had been paying on these for twenty or twenty-five

years, prior to the date of the payment in question, and he
further knew that the county officers had been "as a rule"
making a mistake every time he asked them for his taxes and
leaving off this very piece of property and furnishing him
with the tax only on the other. The form of assessment in
Idaho was such as to bring about this mistake since the prop-
erty owner's name would be inserted at different places in
the same or different assessment-rolls for the same year,
and one inquiring without giving a list of his property, would
doubtless get the taxes which the clerk first found under his
name where the name was first discovered in the book. This
plaintiff testifies that he did not furnish any description of
his land in his inquiry made that year.

It is the owner's duty to furnish a description of his prop-
erty and failing to do so he can have no relief; plaintiff is
seeking relief on the ground of mistake. Equity does not
grant such relief, especially where innocent third parties will
be interfered with, except on a showing of freedom from
negligence on the part of the plaintiff. (*Menasha Wooden-
ware Co. v. Harmon,* 128 Wis. 177, 107 N. W. 299; *Easton
v. Doolittle,* 100 Iowa, 374, 69 N. W. 672; 2 Cooley on Taxa-
tion, p. 1048; *Elliot v. District of Columbia,* 3 MacArthur
(D. C.), 396; *Scroggin v. Ridling,* 92 Ark. 630, 121 S. W.
1053; *Browne v. Finlay,* 51 Neb. 465, 71 N. W. 34; *Phila-
delphia Mortgage etc. Co. v. Omaha,* 63 Neb. 280, 93 Am. St.
442, 88 N. W. 523, 57 L. R. A. 150; *Lamb v. Irwin,* 69 Pa.
436; *O'Connor v. Gottschalk,* 148 Mich. 450, 111 N. W. 1048;
*Hickman v. Kempner,* 35 Ark. 505; *McGahen v. Carr,* 6 Iowa,
331, 71 Am. Dec. 421; *Conklin v. Cullen,* 29 Mont. 38, 74 Pac.
72; *Hoffman v. Silverthorn,* 137 Mich. 60, 100 N. W. 183;
*Raley v. Guinn,* 76 Mo. 263; *Solenberger v. Strickler's Admr.,*
110 Va. 273, 65 S. E. 566.)

A court of equity will not relieve a party from a mistake
which is the result of its own negligence, when the channels
of information are open to him and no fraud or deception
is practiced upon him. (*National Union Fire Ins. Co. v. John
Spry Lumber Co.,* 235 Ill. 98, 85 N. E. 256; *Glenn v. Statler,*
42 Iowa, 107; *Miller v. Powers,* 119 Ind. 79, 21 N. E. 455;

4 L. R. A. 483; 19 Cent. Dig. (Equity) 16, and authorities cited.)

In *Smith v. Davidson,* 23 Ida. 555, 130 Pac. 1071, relied on by respondent, the property owner had been thrice told by the assessor that she was exempt and need not pay. Here there was no element of mistake or neglect on her part, even if the land had been taxable. The mistake was wholly on the part of the assessor's office, in showing the property subject to the tax and advertising and selling it, after due notice from the owner.

Miles S. Johnson, for Respondent.

"When a taxpayer calls upon the proper officer for a statement of all taxes due from him, and receives a statement and pays all the taxes included therein, and afterward the land is sold for the nonpayment of taxes in arrears at the time the statement was furnished, but which were omitted from the statement by the neglect of the officer or clerk, the title of the taxpayer is not divested by sale." (*People ex rel. Cooper v. Registrar of Arrears,* 114 N. Y. 19, 20 N. E. 611; *Corning Town Co. v. Davis,* 44 Iowa, 622.)

"A payment by the owner of all sums made known to him by the treasurer is equivalent to an actual payment of the whole, and will prevent a valid sale of the land for an unpaid balance not made known by the treasurer." (*Breisch v. Coxe,* 81 Pa. 336, 345; *Pottsville Lumber Co. v. Wells,* 157 Pa. 5, 27 Atl. 409; *Harness v. Cravens,* 126 Mo. 234, 28 S. W. 971; *Hintrager v. Mahoney,* 78 Iowa, 537, 43 N. W. 522, 6 L. R. A. 50.)

"It is the duty of a town treasurer to furnish taxpayers with information as to the amount of taxes payable upon their lands in the township; and, as they have a right to rely upon that information, they cannot be prejudiced by its incorrectness." (*Gould v. Sullivan,* 84 Wis. 659, 36 Am. St. 955, 54 N. W. 1013, 20 L. R. A. 487; *Hough v. Auditor General,* 116 Mich. 663, 74 N. W. 1045; *Bray & Choate Land Co. v. Newman,* 92 Wis. 271, 65 N. W. 494; *Edwards v. Upham,* 93 Wis. 455, 67 N. W. 728; *Nelson v. Churchill,* 117 Wis. 10,

93 N. W. 799; *Randall v. Dailey,* 66 Wis. 285, 28 N. W. 352; Cooley on Taxation, 3d ed., 809.)    If a taxpayer inquires of an officer, authorized by law to collect taxes, as to the amount that is due from him and pays the amount stated, he is in the same position as though he had actually paid the entire amount that was really due, and a tax deed issued thereafter is absolutely void.    (*Smith v. Davidson,* 23 Ida. 555, 130 Pac. 1071.)

AILSHIE, C. J.—This action was instituted by the plaintiff to quiet his title to a certain tract of land to which the defendant held a tax deed.    The cause was tried and findings and judgment were made and entered in favor of the plaintiff, and defendant has appealed.

The action involved a tract of 320 acres of land situated in Latah county.    It appears that the respondent has owned this land since 1884 and during all the time he has lived in the city of Lewiston, Nez Perce county.    The evidence discloses that respondent has some 760 acres of land in Latah county and that he was in the habit each year of writing over to the assessor of Latah county for statement of the amount of taxes due on his holdings in that county, and on receiving statement would return a check in payment therefor.

It seems that the assessor failed to send out the usual tax notices for the year 1907, and so respondent wrote the assessor to know what his 1907 taxes were, but did not give a description of any land he owned, merely inquiring as to the amount of taxes due on his property.    The assessor replied, stating that his taxes were $133.    Thereupon and on the 27th of December, 1907, respondent mailed a check to the assessor for the sum of $133 in payment of what he supposed to be his total taxes on all his lands in that county for the year 1907.    As a matter of fact, when the officer had written respondent he had only sent him a statement of the amount due on one tract comprising 440 acres and had overlooked stating the amount due on another and separate tract of 320 acres.    Respondent testifies that he supposed this covered his entire holdings and that he did not read the description

in his tax receipt and did not notice or observe that his check for $133 had not paid his taxes on his entire 760 acres. It is also shown that the taxes on the entire 760 acres for the year 1906 had amounted to $146.56, and respondent testifies that the amounts were so nearly the same that he supposed and understood that the $133 for 1907 covered his entire holdings in Latah county for that year.

In this way the taxes on the 320 acres of land for 1907 became delinquent, the property was advertised and sold for delinquent taxes, and the appellant herein bid in the property and after the time for redemption expired secured a tax deed. Respondent continued to pay the taxes on this land for each subsequent year of 1908, 1909, 1910 and 1911, and appears to have had no notice of the delinquency for 1907, and testifies that he knew nothing of the matter until after the issuance of the tax deed.

It also appears that the assessor failed to enter in red ink on the assessment-roll of 1907 the amount of delinquent taxes that had previously accrued against this property, and that on the assessment-roll of 1908 the red ink entry appeared against the property of a delinquent tax for 1907 with a further record that the same had been canceled by order of the board of county commissioners, and it also appears that the record of the board of county commissioners actually shows an order canceling this delinquent tax.

The record finally stood, therefore, as if the red ink entry required by sec. 1755, Rev. Codes, had never been made, and in that respect brings this case within the rule announced in *Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638. There was nothing in the record to give notice to the property owner that this land had been sold for delinquent taxes.

Again, the record is quite clear that respondent was acting in good faith, endeavoring to keep his taxes paid, and that he did in fact pay all the taxes he had any notice were standing against his property or that had ever been assessed against it. The taxpayer was evidently acting in good faith, and on the other hand the assessor and tax collector seem also to

have acted in good faith and not with any purpose of deceiving, defrauding or misleading respondent.

While the facts and circumstances differ, the principle of law here involved is similar to that announced in *Smith v. Davidson*, 23 Ida. 555, 130 Pac. 1071, and for the same reason and on the same principle entitles the property owner to the same equitable relief which was granted in that case. (See, also, *Randall v. Dailey*, 66 Wis. 285, 28 N. W. 352; Cooley on Taxation, 3d ed., 809.)

A number of other reasons, some of which are valid, have been advanced in support of the judgment of the trial court and to the effect that the respondent herein was entitled to the relief which the judgment awarded him. In view of the fact that we have concluded that the judgment in this case should be affirmed, it is unnecessary to discuss these several questions. It is quite clear that the respondent, who is the owner of this land, has acted in good faith, and while perhaps not as diligent as he might have been, he ought not to lose his property under the circumstances where he is ready and willing to reimburse the purchaser at the tax sale for all his outlay, together with interest and penalties. On the other hand, the appellant, who was the purchaser at this delinquent sale, has been in no way prejudiced and will in no way be a loser, and he will receive his money back, together with a high rate of interest and such penalties as the statute prescribes.

We shall not further discuss the questions arising in this case. The judgment should be affirmed, and it is so ordered. The appellant will be taxed with the costs of this appeal.

The respondent, as a condition to clearing his title and canceling this tax deed, should pay to the appellant or to the clerk for his use and benefit, all sums paid out by appellant, together with interest and penalties allowed on redemption, and should also pay the costs of this action in the district court. The appellant was not in any way at fault or to blame for bidding in this property, and he took a tax deed in the manner authorized and provided by law. He should not now be required to pay the costs and expenses entailed in the dis-

trict court in having this deed set aside. The whole costs incurred in the district court should be taxed up against the respondent. On the other hand, if the district court rightly decided the case, as we think it did, and that decision was against the appellant and he saw fit to prosecute this appeal, he should pay the costs incurred in bringing the case to this court.

The cause will therefore be remanded to the district court, with directions to enter a modified decree in accordance herewith, and as modified the judgment of the district court will be affirmed, and it is so ordered. Costs of this appeal awarded in favor of respondent.

Sullivan, J., concurs.