(February 11, 1919.)

## J. G. LAWRENCE, Respondent, v. MOISE CORBEILLE, Appellant.

[178 Pac. 834.]

TAX SALE—DEED—RES JUDICATA—APPEAL AND ERROR.

1. *Lawrence v. Defenbach,* 23 Ida. 78, 128 Pac. 81, in which it was held that the amendment made to Rev. Codes, sec. 1763, Sess. Laws 1912, p. 43, was not intended to apply to execution of tax deed to lands sold for delinquent taxes, where the sale had been made and the time for redemption expired and the purchaser was entitled to a deed under the statute before such amendment became a law, affirmed, and *Rice v. Rock,* 26 Ida. 558, 144 Pac. 786, distinguished.

2. A judgment entered in an original proceeding in the supreme court, directing that a peremptory writ of mandate issue to compel the issuance of a tax deed which it was the duty of the tax collector

· to issue under Rev. Codes, sec. 1763, is not *res judicata* as to the validity of the deed when issued, and does not estop the owner of the land to question the validity of the tax deed, although the owner was named as a party defendant in the petition for writ of mandate.

[As to validity and conclusiveness of judgment for taxes, see note in 42 Am. St. 657.]

APPEAL from the District Court of the Eighth Judicial District, for Bonner County.   Hon. R. N. Dunn, Judge.

Action to quiet title.   Judgment for plaintiff.   *Reversed.*

Black & Wernette, for Appellant.

The statute is simply a remedial statute and its provisions do not impair the obligation of the contract.   (*Rice v. Rock,* 26 Ida. 552, 144 Pac. 786; *Curtis v. Whitney,* 13 Wall. (U. S.) 68, 20 L. ed. 513, see, also, Rose's U. S. Notes; *Coulter v. Stafford,* 56 Fed. 564, 6 C. C. A. 18; *State v. Krahmer,* 105 Minn. 422, 117 N. W. 780, 21 L. R. A., N. S., 157; *Lawrence v. Defenbach,* 23 Ida. 78, 82, 128 Pac. 81.)

The title to property will not be tried in mandate proceedings.   (26 Cyc. 157; *Gregory v. Blanchard,* 98 Cal. 311, 33 Pac. 199; *State v. Williams,* 54 Neb. 154, 74 N. W. 396; *Commonwealth v. Rosseter,* 2 Binn. (Pa.) 360, 4 Am. Dec. 451.)

The lower court erred in not allowing the appellant to introduce his testimony to show the proceedings with regard to the assessment of the land, the failure on the part of the proper officials to carry out the extensions of the delinquent taxes in red ink, and such other matters and things which would affect the title to the land and which would indicate and prove that the tax deeds did not pass good title.   (*Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638; *Griffith v. Anderson,* 22 Ida. 323, 125 Pac. 218.)

Chas. L. Heitman and G. H. Martin, for Respondent.

Under the law in force at the time of the sale, July 10, 1908, and during the entire three years allowed by law for redemption, no notice was required to be given, and when the

three years expired, the respondent's right to a deed became absolute and he became the actual owner of the property, the execution and delivery of the deed only being necessary to vest the bare legal title in him. (*White Pine Mfg. Co. v. Morey,* 19 Ida. 49, 112 Pac. 674; *Lawrence v. Defenbach,* 23 Ida. 78, 128 Pac. 81; Black on Tax Titles, sec. 175; *Merrill v. Dearing,* 32 Minn. 479, 21 N. W. 721.)

"The law in being at the time of the sale governs the right of redemption. The time can neither be lengthened nor shortened by subsequent legislation. The right to redeem is a condition attached to the sale, and the legislature cannot defeat it by subsequent act." (Blackwell on Tax Titles, 5th ed., 729; *Robinson v. Howe,* 13 Wis. 341; *Cargill v. Power,* 1 Mich. 369; *Rollins v. Wright,* 93 Cal. 395, 29 Pac. 58; *Haaren v. High,* 97 Cal. 445, 32 Pac. 518; *Wilder v. Campbell,* 4 Ida. 695, 43 Pac. 677.)

The rules already announced in the two cases involving this matter are *res adjudicata* as to this whole controversy, and the law of this case from which no court of this state may depart. (*Hall v. Blackman,* 9 Ida. 555, 75 Pac. 608; *Phelan v. San Francisco County,* 20 Cal. 39, 40; *Heinlen v. Martin,* 59 Cal. 181; 2 Ency. Pl. & Pr. 371.)

Under the rule of this court, it was necessary that Corbeille be made a party defendant in the mandate proceedings, as he was the real party in interest. He was a necessary party. (*Stethem v. Skinner,* 11 Ida. 374, 82 Pac. 451; *Cassatt v. Board of Commrs.,* 39 Kan. 505, 18 Pac. 517; *Livingston v. McCarthy,* 41 Kan. 20, 20 Pac. 478; *State v. Akers,* 92 Kan. 169, Ann. Cas. 1916B, 543, 140 Pac. 637; *State v. Cranney,* 30 Wash. 594, 71 Pac. 50; *Powell v. People,* 214 Ill. 475, 105 Am. St. 117, 2 Ann. Cas. 551, 73 N. E. 795; 26 Cyc. 415.)

On the question of *res adjudicata,* it is immaterial that the questions alleged to have been settled by a former adjudication were determined in a different kind of proceeding or a different form of action from that in which the estoppel is set up, the parties and the issues being the same. (23 Cyc 1221; *Southern Pac. Ry. Co. v. United States,* 168 U. S. 1, 18 Sup. Ct. 18, 42 L. ed. 355, see, also, Rose's U. S. Notes.)

A judgment in *mandamus* proceedings operates as an estoppel as to parties and their privies. (23 Cyc. 486.)

And this is true as to all facts concluded by such judgment, that is, all facts which the court must find, in order to determine the plaintiff's right to the writ. (*Board of Supervisors v. Thompson,* 122 Fed. 860, 59 C. C. A. 70; *Holt County v. National Life Ins. Co.,* 80 Fed. 686, 25 C. C. A. 469; *O'Connor v. Board of Trustees,* 247 Ill. 54, 93 N. E. 124; *State v. Hartford St. Ry. Co.,* 76 Conn. 174, 56 Atl. 506; *Yuen Suey v. Fleshman,* 65 Or. 606, Ann. Cas. 1915A, 1072, 133 Pac. 803; *Weed v. Mirick,* 62 Mich. 414, 29 N. W. 78; *Hoffman v. Silverthorn,* 137 Mich. 60, 100 N. W. 183; *People v. Harrison,* 253 Ill. 625, Ann. Cas. 1913A, 539, 97 N. E. 1092; *Sauls v. Freeman,* 24 Fla. 209, 12 Am. St. 190, 4 So. 525; *Dimond v. Ely,* 28 N. D. 426, 149 N. W. 349.)

It is likewise true as to all defenses which the defendants might have interposed but did not interpose. They are concluded by the judgment as effectually as if pleaded and proof offered in support thereof. (23 Cyc. 1170, 1196, 1295; *South Park Commrs. v. Montgomery, Ward & Co.,* 248 Ill. 299, 21 Ann. Cas. 127, 93 N. E. 910.)

RICE, J.—This case was before this court on a former appeal (*Lawrence v. Corbeille,* 28 Ida. 329, 154 Pac. 495). Reference may be made to the opinion in that case for a statement of the facts disclosed by the record. After the former decision by this court, another trial was had in the district court which resulted in a judgment in favor of Lawrence. A motion for a new trial was denied. This appeal is from the judgment and from the order of the court refusing to grant a new trial.

After the former decision, respondent filed an amended supplemental complaint, alleging that after the commencement of this action respondent had instituted in this court another proceeding for a writ of mandate to be directed against one Andrew Christensen, treasurer and *ex-officio* tax collector of Bonner county, to require him to issue tax deeds

to the land, and that a peremptory writ was thereafter issued out of this court requiring him to execute the deeds.

Appellant was named as a party defendant in the last-mentioned mandate proceedings, together with Christensen. Both defendants appeared and demurred to the petition. The demurrer was overruled, and there was no further answer on the part of either of said defendants.

In his answer to the amended supplemental complaint, appellant denied the validity of the tax deeds issued by Christensen, alleging that they were not obtained as required by Rev. Codes, sec. 1763, as amended by Sess. Laws 1912, p. 43. Appellant further alleged, by way of defense, that no red ink entries were made on the assessment-rolls for the year 1908, as required by Rev. Codes, sec. 1755, and that he was thereby prejudiced in his rights.

At the trial respondent put in evidence the deeds given by Christensen as tax collector and rested his case. Appellant was not permitted by the court to introduce any evidence affecting the validity of the said tax deeds.

In the case of *Lawrence v. Defenbach,* 23 Ida. 78, 128 Pac. 81, the tax sale certificates involved in this action were under consideration. It was there held that the respondent in this action was not required to comply with Rev. Codes, sec. 1763, as amended, for the reason that the time within which the owner might have redeemed from these tax sales had expired before the passage of the law, and that the law could not affect the vested rights of the holder of the tax sale certificates.

It is suggested that the case of *Rice v. Rock,* 26 Ida. 552, 144 Pac. 786, impliedly, though not expressly, overrules the Defenbach case. Such is not the case, however, for the time of redemption from the tax sale certificates involved in the case of *Rice v. Rock* did not expire until more than a year after the enactment of the amendment, and the requirements of the amendment were properly held not to interfere with any vested rights of the holder of the certificate in that case. The two cases are not in conflict.

The important question presented by the record is whether the trial court erred in refusing to receive evidence of the failure of the assessor to make certain entries in red ink on his assessment-book for the year 1908, as required by Rev. Codes, sec. 1755. The evidence was relevant to the issues presented by the pleadings, and error was committed, unless in this action the matter must be considered as *res judicata*. (*Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638; *Griffith v. Anderson,* 22 Ida. 323, 125 Pac. 218; *Fix v. Gray,* 26 Ida. 19, 140 Pac. 771; *Lohr v. Curley,* 27 Ida. 739, 152 Pac. 185.)

It is argued that the judgment in *mandamus* was conclusive as to the issues litigated in the case, and of facts which might have been pleaded by way of defense, whether they were so pleaded or not. This rule, however, applies only to actions between the same parties upon the same claim or demand. (15 R. C. L. 962.)

A judgment in a *mandamus* action is as conclusive as a judgment in any other action, and operates as an estoppel against further investigation, in another action between the same parties, of any facts necessarily in issue, or which were pleaded and decided therein. There is no estoppel against defenses not pleaded, unless such defenses are necessarily involved in the action, and included in the consideration of the court in arriving at the judgment, or unless they are of such a nature that the duty rests upon the defendant to make the defense if the facts exist to enable him so to do. (15 R. C. L. 973; *Bugbee v. Davis,* 167 Mass. 33, 44 N. E. 1055; and see *Elliott v. Porter,* 6 Ida. 684, 59 Pac. 360, and *Hilton v. Stewart,* 15 Ida. 150, 128 Am. St. 48, 69 Pac. 579.)

In the Christensen action, the defendants pleaded no facts by way of defense whatever. The only question involved was the right of petitioner to have a writ of mandate directed to the *ex-officio* tax collector commanding him to execute the tax deeds.

The judgment in favor of the petitioner in that case is conclusive only as to the facts essential to entitle him to the judgment. (23 Cyc. 1290, 1306.) Under Rev. Codes, sec. 1763, which was in effect at that time, the facts which are

concluded by that judgment are that the land in question was sold at a tax sale; that the petitioner was the holder of the certificates of sale, and that no redemption of the land had been made.

The statute did not require an investigation by the tax collector of the legality of tax proceedings upon a demand for a tax deed. The issuance of the tax deed is a ministerial act, the performance of which in no way affects the validity of the tax deed when issued. (*Roach v. State,* 148 Ala. 419, 39 So. 685; *Jones v. Welsing,* 52 Iowa, 220, 2 N. W. 1106; *Meserole v. Whitney,* 22 Ida. 543, 127 Pac. 553.)

Respondent cites the case of *State v. Cranney,* 30 Wash. 594, 71 Pac. 50, as authority for the proposition that the appellant in this case was a proper and necessary party to the *mandamus* proceedings, and that he is conclusively bound by the judgment as to all defenses which he might have made therein. Examination of the Cranney case shows that the complaint not only alleged a cause of action in *mandamus* against the officer charged with the duty of executing the tax deed, but also contained the allegations against the former owners of the land required in the statutory action to quiet title, and the court held that procedure to be proper.

That case is not applicable to the matter before us. That action was begun in the superior court. The case at bar does not require us to determine whether a proceeding in *mandamus* is an ordinary civil action and may be united with an action to quiet title in our district courts.

In the *mandamus* proceeding in this court, there were no allegations in the petition of a cause of action to quiet title. Moreover, this court had no jurisdiction in that action, further than to direct the officer to perform the ministerial duty which he owed to the petitioner. It had no original jurisdiction to try any issues involved in an action to quiet title. (*Neil v. Public Utilities Commission, ante,* p. 44, 178 Pac. 271; *Stein v. Morrison,* 9 Ida. 426, 75 Pac. 246.)

The judgment of the lower court is reversed and a new trial granted. Costs awarded to appellant.

Morgan, C. J., and Steele, Dist. Judge, concur.