(December 7, 1912.)

.J. G. LAWRENCE, Plaintiff, v. BYRON DEFENBACH, Assessor and Ex-officio Tax Collector of Bonner County, et al., Defendants.

[128 Pac. 81.]

TAX SALE—DEED—REDEMPTION—CONSTRUCTION OF STATUTE.

(Syllabus by the court.)

1. Sec. 1763, Rev. Codes, as amended by Special Sess. Laws 1912, p. 43, requires the purchaser at tax sale, or the assignee thereof, to serve or cause to be served a written or printed, or partly written and partly printed, notice of such purchase to every person in actual possession or occupancy of such land or lot, and also the person in whose name the same stands upon the records in the recorder's office, if upon diligent inquiry he can be found in the state, at least three months and not more than five months before the expiration of the time of redemption on such sale.

2. *Held*, in this case that sec. 1763, Rev. Codes, as amended by Special Sess. Laws 1912, p. 43, was not intended to apply to the execution of a tax deed to lands sold for delinquent taxes, where the sale had been made and the time for redemption has expired, and the purchaser was entitled to an absolute deed under the statute at the time such act became a law.

3. The general rule and principle which should apply in this case is that all statutes are to be so construed, if possible, as to be valid, and requires that the statute shall never be given a retrospective operation, when to do so would render it unconstitutional, and the words of the statute admit of any other construction.

Original action for writ of *mandamus* to compel the assessor to execute a tax deed. Writ granted.

Chas. L. Heitman, for Plaintiff.

Retroactive or retrospective statutes relate to past acts and transactions. They are not looked upon with favor. (2 Lewis' Sutherland Stat. Const., secs. 641, 1160, 1161; *Montpelier v. Senter*, 72 Vt. 112, 47 Atl. 392; *Brown v. Hughes*, 89 Minn. 150, 94 N. W. 438. See, also, *Bauer Grocer Co. v. Zelle*,

172 Ill. 407, 50 N. E. 238, and numerous cases cited in the note to p. 1158, 2 Sutherland, *supra*.)

The rule is especially applicable where the statute, if given a retrospective operation, would be invalid, as impairing the obligation of a contract or interfering with vested rights. (2 Sutherland, pp. 1159, 1160, *supra*.)

The right of property acquired by the purchaser at this sale, and the right of redemption remaining to the owner, must both be governed by the law in force at the time of sale. (Black on Tax Titles, sec. 175; *Merrill v. Dearing*, 32 Minn. 479, 21 N. W. 721.)

The purchase at a tax sale is a contract, made under the law as it then exists, and upon the terms prescribed by law, and no subsequent statute can import new terms into it or add to those before expressed. (Cooley on Taxation, 2d ed., 545; *Robinson v. Howe*, 13 Wis. 341; *Cargill v. Power*, 1 Mich. 369.)

A provision affecting the period of redemption can only apply to sales after the day on which the act took effect. (Blackwell on Tax Titles, 5th ed., sec. 729.)

. The enforced sale of property on execution, or for the non-payment of taxes, constitutes a contract with the purchaser which cannot be materially altered without his consent. (*Teralta Land etc. Co. v. Shaffer*, 116 Cal. 518, 48 Pac. 613, 58 Am. St. 194; Cooley, Const. Lim., 6th ed., p. 353. *Rollins v. Wright*, 93 Cal. 395, 29 Pac. 58; *Haaren v. High*, 97 Cal. 445, 32 Pac. 518.)

·. No appearance for defendant.

· STEWART, C. J.—This is an original action brought in this court by J. G. Lawrence against Byron Defenbach, county assessor and *ex-officio* tax collector for the county of Bonner, state of Idaho, and Moses Corbeille. The purpose of the action is to secure a writ of mandate, compelling the defendant Byron Defenbach to execute a tax deed to the applicant, upon tax sale certificates issued by the assessor and *ex-officio* tax collector of Bonner county for delinquent taxes

assessed for the year 1907 upon certain real estate, such certificates having been transferred on the 8th of December, 1908, upon sale made of the certificates by the auditor of Bonner county to the applicant, under the laws of the state, and the applicant herein being the owner of said tax sale certificates at the time this application is made.

The entire question is, whether sec. 1763 of the Rev. Codes, as amended by sec. 27 of an act approved January 31, 1912, Special Sess. Laws 1912, p. 43, applies to the facts of this case, where a tax sale has been made under the Rev. Codes as they existed prior to the enactment of the amendment, and a tax sale certificate has been issued and the period of redemption has expired, although no deed had been issued prior to the time such amendatory act became a law.

The facts shown by the petition are: That in the year 1907, Moses Corbeille was the owner of the following described lands in the county of Bonner, state of Idaho, to wit: The southeast quarter of the northwest quarter, the east half of the southwest quarter and the southwest quarter of the southeast quarter, all in sec. 18, township 56, north of range 2, east of Boise meridian, situated in the county of Bonner, state of Idaho; that such lands were assessed for taxes in the name of said Corbeille for the year 1907, and such taxes were not paid and became delinquent; that such property was advertised and sold according to law on the 10th day of June, 1908; Bonner county was the purchaser, and tax sale certificates therefor were issued as follows: Tax Sale Certificate No. 290, covering the southeast quarter of the northwest quarter of said sec. 18; Tax Sale Certificate No. 291, covering the east half of the southwest quarter of said sec. 18; and Tax Sale Certificate No. 292, covering the southwest quarter of the southeast quarter of said sec. 18; that such tax sale certificates, and each of them, were sold and delivered by the county to the applicant, J. G. Lawrence, who ever since has been and now is the owner and holder of said tax sale certificates; that such tax sale certificates, and all the proceedings thereunder, up to and including the sale, were regular in all respects and in accordance with the law; that no re-

demption of said property or any part thereof was ever made or attempted to be made by Moses Corbeille, the party owning the property at the time the assessment was made and the tax sale was made, or any other person within three years from the date of said sale, or at any time; that on the 31st day of January, 1912, the applicant, J. G. Lawrence, applied to the defendant Defenbach, as county assessor and *ex-officio* tax collector, for a tax deed or tax deeds to the land and premises described in said tax certificates Nos. 290, 291 and 292, and delivered to said Defenbach, county assessor and *ex-officio* tax collector, the sum of six dollars, two dollars for the making of each deed, to which Defenbach, as such assessor and *ex-officio* tax collector, was entitled for his fee in making such deeds; that the defendant, as assessor and *ex-officio* tax collector, refused to issue said deeds or to deliver them to the applicant. The reason assigned by the defendant was that the legislature of the state at a special session thereof, convened on the 15th day of January, 1912, had enacted a law requiring that before tax deeds should issue certain notice should be given to the owner of the property which had been sold for taxes, and for which deeds were demanded.

It would seem from the language used in the amendatory act of sec. 1763, as above referred to, that it was not intended to apply to the execution of a tax deed to lands sold for delinquent taxes where the sale had been made and the time for redemption had expired, and the purchaser was entitled to an absolute deed under the statute at the time such act became a law. The particular portion of the amendatory act which is relied upon by the assessor and which is not found in the statute, is as follows:

"Such purchaser or assignee shall serve or cause to be served a written or printed or partly written and partly printed notices of such purchase to every person in actual possession or occupancy of such land or lot, and also the person in whose name the same stands upon the records in the recorder's office if, upon diligent inquiry, he can be found in the state, at least three months and not more than five

months before the· expiration of the *time of redemption on such sale.*"

The notice to be given by the foregoing provision applies to a case where the time for redemption on such sale has not expired.   This is clear from the language, as the provision as to time of service is, at least three months and not more than five months before the *expiration of the time of redemption* on such sale.·   In the case under consideration, the time of redemption had expired before the act involved became a law, and the statute, sec. 1763, Rev. Codes, before amendment, did not require any notice.

The further provision found in sec. 28 of the act, to wit: "That the provisions of this act shall apply to the issuance of all tax deeds hereafter issued," was not intended to apply to cases where the time of redemption has expired.

Sec. 28 provides that the taxes levied for all prior years and all subsequent proceedings for the collection of such taxes, including penalties for delinquency, publication of delinquent lists, sales and redemptions, shall be enforced under and governed by the law as existing prior to the approval of the said act.

This language above quoted, found in the act of January 31, 1912, is plain and certain, and clearly shows that the legislature intended that when property was sold for delinquent taxes, and certificates of sale are issued, and the law is fully complied with as it existed at the time of the sale, that all subsequent proceedings, including sales and redemptions, should be enforced under and governed by the law as it existed prior to the approval of the act of January 31, 1912. The interest acquired by Lawrence by reason of his ownership of the tax sale certificates by purchase from the county, was a vested. right and interest in property, and this right and interest was acquired prior to January 31, 1912.   (Secs. 1762, 1763, Rev. Codes.)   ·   .

The right of redemption from tax sale must therefore be governed by the law in force at the time of sale, and cannot be affected by subsequent legislation and cannot be abridged or enlarged by subsequent legislation, and this right follows

the title under the tax sale certificates. (Black on Tax Titles, sec. 175; *Merrill v. Dearing,* 32 Minn. 479, 21 N. W. 721.)

The law in being at the time of sale governs the right of redemption. The time can be neither lengthened nor shortened by subsequent legislation. The right to redeem is a condition attached to the sale, and the legislature canot defeat it by subsequent act. (Blackwell on Tax Titles, 5th ed., 729; *Robinson v. Howe,* 13 Wis. 341; *Cargill v. Power,* 1 Mich. 369; *Merrill v. Dearing, supra.*)

In the case of *Rollins v. Wright,* 93 Cal. 395, 29 Pac. 58, the supreme court of that state, in construing sec. 3785 of the Political Code, as amended, providing that notice must be given by the purchaser of real property at a tax sale or on an application for a deed, announced the rule that under an amended section of the Political Code of that state, providing that notice must be given by a purchaser of real property at a tax sale, or his application for a deed, the provision did not apply to a purchaser whose right to a deed had become absolute by expiration of the time for redemption before the amendment took effect, no notice having been required thereto. To extend the time for redemption is to alter the substance of the contract. In the same opinion the court also announces that before the amendment no notice was required. Long prior to this amendment the purchaser's right to a deed had become absolute; when the law was amended the owner had no right to redeem, and the legislature could not deprive the purchaser of his absolute right. The same rule was also announced in *Haaren v. High,* 97 Cal. 445, 32 Pac. 518.

To apply the construction contended for by the defendant in this case, and hold that the act did apply to prior sales and redemptions, would be to construe the law to have a retrospective effect. In construing statutes with reference to such effect, Sutherland on Statutory Construction announces the rule, in vol. 2, sec. 641, 2d ed., as follows: "Retrospective legislation is not favored, and is prohibited by the constitution of some of the states, as being highly injurious, oppressive and unjust; and nowhere will retrospective effect be given to a statute unless it appears that it was the intent of such

legislation that it should have such effect.'' In the same volume, at p. 1161, the author announces a rule: ''The principle that all statutes are to be so construed, if possible, as to be valid, requires that a statute shall never be given a retrospective operation, when to do so would render it unconstitutional, and the words of the statute admit of any other construction.''

If this construction was maintained, then the act in question would affect the right of property acquired by the purchaser at a sale, and the right of redemption remaining to the owner which are fixed by the law in force at the time of sale, and extend the right of redemption beyond the time fixed by the law at the time the same was made. This cannot be done. (*Robinson v. Howe,* 13 Wis. 341; Black on Tax Titles, 175; *Merrill v. Dearing, supra.*)

For these reasons we are of the opinion that a writ of mandate should issue in this case. It is therefore ordered that a writ of mandate be issued in this case, directing Byron Defenbach, county assessor and *ex-officio* tax collector of Bonner county, state of Idaho, to make, execute and deliver to J. G. Lawrence, tax deeds to the following lands and premises under Tax Sale Certificates Nos. 290, 291 and 292, to wit: The southeast quarter of the northwest quarter, the east half of the southwest quarter and the southwest quarter of the southeast quarter, all in sec. 18, township 56, north of range 2 east of Boise meridian, situated in the county of Bonner, state of Idaho. Costs in this case awarded to plaintiff.

Sullivan, J., concurs.