(December 4, 1923.)

## WASHINGTON COUNTY, a Municipal Corporation, Appellant, v. CHARLES M. PARADIS, Treasurer and Tax Collector of Washington County, Idaho, Respondent.

### [222 Pac. 775.]

COUNTIES—TAXATION—REDEMPTION FROM TAX SALE—CONSTITUTIONAL LAW—SPECIAL LAWS—RETROACTIVE LAWS.

1. A county does not acquire a vested right in property by virtue of a tax sale to it for delinquent taxes; such purchase only perpetuates the lien of the tax and is in aid of its collection.

2. The provisions of chapter 161, 1923 Session Laws, relating to distribution of moneys received from redemptions, have reference only to taxes of which the state has not received its proportion, and such provisions are not in conflict with C. S., sec. 3212.

3. Chapter 161, 1923 Session Laws, *held* not to be special legislation, for the reason that it affects alike all persons whose taxes have become delinquent in respective years or will become delinquent, and where the property has been sold to the county and the county has not disposed of the same.

4. *Held*, that chapter 161, 1923 Session Laws, is not arbitrary in its operation.

5. Where the county has parted with the title by tax sale and the period of redemption has expired, under the law in force at the time of the sale from the county to a third party, the time of redemption is not extended under the provisions of chapter 45, 1923 Session Laws.

6. Under the provisions of chapter 161, 1923 Session Laws, a taxpayer whose taxes are delinquent for 1920, 1921 and 1922 is not required to pay such delinquent taxes in a lump sum for the whole period of three years in order to avail himself of the provisions of section one of the act, but upon the payment to the county of such delinquent taxes for any one of those years, less any penalties, together with interest thereon at the rate of seven per cent per annum from the date of delinquency, he may

Publisher's Note.

5. Constitutionality of statute extending period for redemption from judicial or tax sale, or sale upon mortgage foreclosure, see notes in 2 Ann. Cas. 801; 1 A. L. R. 143.

redeem his property from such sale for that year, and may make like redemptions for the other years in the same manner at any time before the county conveys the property.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Action to enjoin redemptions from tax sales and execution and delivery of deeds. Judgment for defendant. *Affirmed.*

Fred C. Erb and George Donart, for Appellant.

Chapter 161, Sess. Laws 1923, is unconstitutional. (Fourteenth Amend. U. S. Const.; art. 1, sec. 13, and art. 3, sec. 19, Const.; *Smith v. Spillman,* 135 Ark. 279, 1 A. L. R. 136 and note, 205 S. W. 107; C. S., sec. 3212; 12 C. J. 971, and cases cited; *State ex rel. Redman v. Myers,* 65 Mont. 124, 210 Pac. 1064; *Bear Lake County v. Budge,* 9 Ida. 703, 108 Am. St. 179, 75 Pac. 614.)

Harris, Stinson, & Harris, for Respondent.

A tax sale to a state, or any subdivision of a state, such as a county or village, does not give a vested interest in the property. (*Essex Public Road Board v. Skinkle,* 140 U. S. 334, 11 Sup. Ct. 790, 35 L. ed. 446; *Tippecanoe County Commrs. v. Lucas,* 93 U. S. 108, 23 L. ed. 822; *Newton v. Mahoning County Commrs.,* 100 U. S. 548, 25 L. ed. 710; *Maryland v. Baltimore O. R. Co.,* 44 U. S. (3 How.) 534, 11 L. ed. 714; *Curtain v. Kingsbury,* 31 Cal. App. 57, 159 Pac. 830.)

The legislative power of the state has authority to compromise delinquent taxes by accepting a less amount than due upon the same, if no vested interests are thereby prejudiced. (*Essex Public Road Board v. Skinkle, supra; Tippecanoe County Commrs. v. Lucas, supra; Newton v. Mahoning County Commrs., supra; Curtain v. Kingsbury, supra; Lincoln Mortgage & Trust Co. v. Davis,* 76 Kan. 639, 92 Pac. 707.)

A purchase of property by a legal subdivision of a state at tax sale is to perpetuate the lien of the tax and in aid of collection (authorities above cited). (C. S., secs. 3211, 3234, 3251; Sess. Laws 1923, chap. 161, sec. 2.)

A right given to redeem property from delinquent taxes where a time of redemption has expired and deed has been issued to the county, ·and where the county still owns the property, is in effect an enlargement of time for redemption. (Sess. Laws 1923, chaps. 45, 161; C. S., sec. 3263, as amended by Sess. Laws 1921, chap. 232, sec. 2.)

Richards & Haga, J. B. Eldridge, Charles H. Darling, E. A. Walters, R. P. Parry and J. A. Gallaher, *Amici Curiae.*

BUDGE, C. J.—This action was brought by appellant against.respondent seeking an injunction restraining him from permitting redemptions to be made from tax sales of lands for which tax deeds have been regularly and legally issued to the county, and to further enjoin him from executing or delivering deeds to any person redeeming property so sold. To the complaint a general demurrer was interposed and sustained. Thereafter judgment was entered dismissing the cause, from which this appeal is taken.

The question presented involves the constitutionality of chapter 161, 1923 Session Laws. Sec. 1 contains the following provision:

"In all cases where the county has or will become the purchaser of any real property by tax sale for taxes levied for the years 1920, 1921, 1922 or for any of said years, redemption therefrom may be made by any person in interest . . . . upon payment to the county of the amount of the original tax or taxes for which such property has been sold for said years, less any penalties added thereto, or any of them, together with interest thereon at the rate of seven (7) per cent per annum from the date or dates of delinquency."

Sec. 2 provides that:

"In all cases where real estate has been or may hereafter be sold for delinquent taxes and the county has become the

purchaser, and the time for redemption has expired, or a tax deed has issued to the county, and the county has not disposed of such real estate, the person whose estate has been or may hereafter be sold, or his heirs, executors, administrators, or successors in interest, at any time after the purchase thereof by the county and before the county has disposed of the same, has the right to redeem such real estate by paying to the county treasurer of the county wherein the real estate is situated, the amount of the original· tax or taxes for which said property was sold, less any penalties added at the time of such sale, together with interest thereon at the rate of seven (7) per cent per annum from the date or dates of delinquency, and also the original amount of all unpaid taxes levied or assessed against said property at the time the right of redemption expired, together with interest thereon at the rate of seven (7) per cent per annum from the date or dates of delinquency, and also paying the taxes for each year since the date the right to redeem expired for which taxes on said land have not been paid . . . . The moneys received from any redemption herein provided for shall be distributed between the state and the county, and to the respective funds, in the same manner as if the same had been paid in the first instance to the tax collector.''

It is appellant's contention that the provisions of the above act are unconstitutional in that they deprive it of property without due process of law and in violation of the fourteenth amendment to the federal constitution, which, *inter alia,* provides that:

''No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.''

The authorities are to the effect that a county does not acquire a vested right in property by virtue of a tax sale to it for delinquent taxes, and that such a purchase of property by a county goes no further than to perpetuate the lien of

the tax and is in aid of its collection. (*Essex Public Road Board v. Skinkle,* 140 U. S. 334, 11 Sup. Ct. 790, 35 L. ed. 446; *Tippecanoe County v. Lucas,* 93 U. S. 108, 23 L. ed. 822; *Newton v. Commissioners,* 100 U. S. 548, 25 L. ed. 710; *Maryland v. Baltimore & Ohio R. R. Co.,* 44 U. S. (3 How.) 534, 11 L. ed. 714; *Curtin v. Kingsbury,* 31 Cal. 57, 159 Pac. 830; *Smith v. Spillman,* 135 Ark. 279, 1 A. L. R. 136, 205 S. W. 107; *State v. Smith,* 36 Minn. 456, 32 N. W. 174.)

This rule applies where the county becomes the purchaser and is the owner at the time the subsequent legislation is enacted, and even though the law be retroactive it would be valid in so far as the county is concerned for the reason that such legislation could not disturb vested rights.

The last five lines of the act provide that all moneys received from any redemption shall be distributed between the state and county in the same manner as if the same had been paid in the first instance to the tax collector, while under the provisions of C. S., sec. 3212, each county in the state is liable to the state for the full amount of all state taxes apportioned to each county by the State Board of Equalization and such taxes must be paid to the state in full without deductions before the second Monday in July of the succeeding year. If, on account of uncollected taxes, there is not sufficient money in the county treasury to the credit of the state fund to pay such taxes in full within the time prescribed when such taxes must be paid, the same must be paid within the time prescribed therefor out of any county moneys in the hands of the county treasurer. It is urged that the state, having received its proportionate share of the county taxes, would not be entitled to any proportion of the moneys received from redemptions under the provisions of chapter 161, 1923 Session Laws, and the act is therefore unconstitutional. If the state has no interest in the moneys received, having been paid its full proportion, necessarily there would be no distribution of such moneys between the state and the county. The moneys therefore would be distributed only to the respective funds of the

county in the same manner as if the same had been paid in the first instance to the tax collector.

Appellants insist that the act is unconstitutional in that it is such a special law as contravenes art. 5, sec. 19 of the constitution, which prohibits the legislature from passing local or special laws in the following enumerated cases: For the assessment and collection of taxes, extending time for collection of taxes, releasing or extinguishing in whole or in part the indebtedness, liability or obligation of any person or corporation in this state or any municipal corporation therein, exempting property from taxation, remitting fines, penalties and forfeitures. In the case of *Jones v. Power County*, 27 Ida. 656, 665, 150 Pac. 35, in discussing general and special laws, this court said:

"A statute is general if its terms apply to, and its provisions operate upon, all persons and subject matters in like situation. . . . . The true test seems to be: Is the classification capricious, unreasonable or arbitrary?"

The act under consideration affects all persons whose taxes became delinquent and whose lands were sold to the county for failure to pay taxes when due, the latter not having disposed of the same to third persons. Where a conveyance is made by the county to a third person the transaction rests upon contract which cannot be impaired by legislative enactment, the purchaser from the county having acquired a vested right. As far as the county is concerned, no contractual right would be impaired by legislative enactment as we have determined that it has no vested right and therefore is solely a matter of law. (*Beecher v. Board of Supervisors*, 50 Iowa, 538.)

The effect of the statute would seem to be that persons whose taxes have gone delinquent and whose lands have been deeded to the county and subsequently conveyed to third persons are not entitled to relief, while those whose lands are still held by the county are permitted to redeem upon complying with its terms. The provisions of the act afford no relief to those who have paid their taxes when due, while it affords relief to those who have permitted their property

38 Idaho.—24

to be sold to and held by the county for delinquent taxes. Such legislation may be wholly unwise and impracticable but not necessarily unconstitutional.

As was said in the case of *Montague, Exr., v. State,* 54 Md. 481:

"If the Legislature is satisfied that a given tax is no longer necessary, that it is unjust, that a change of circumstances require its repeal, that public policy demands that the repeal should be prompt, should give instant relief and should therefore extend to all who had not yet actually paid, the Legislature has in its discretion the constitutional right so to enact, without being at the same time compelled to embarrass the treasury by a sweeping restitution to all who had paid the tax from the time of its imposition. Under some circumstances such a retrospective exemption might be highly expedient and under others not. The question is one of policy for the legislature and not one of law for the courts."

Appellant contends that an analysis of the act discloses that it is arbitrary in its operation in this, that it places a greater burden on persons whose taxes have gone delinquent for the year 1919, than upon those whose taxes have gone delinquent for any other year. There is no merit in this contention. C. S., sec. 3256, fixes the time within which the right of redemption must be exercised as three years. This section was amended by chapter 45, 1923 Session Laws, which extended the time to four years. However, in the case of *Lawrence v. Defenbach,* 23 Ida. 78, 82, 128 Pac. 81, this court said:

"The right of redemption from tax sale must therefore be governed by the law in force at the time of sale, and cannot be affected by subsequent legislation, and cannot be abridged or enlarged by subsequent legislation, and this right follows the title under the tax sale certificates. The law in being at the time of sale governs the right of redemption. The time can be neither lengthened nor shortened by subsequent legislation. The right to redeem is a condition attached to

the sale, and the legislature cannot defeat it by subsequent act.''

It therefore follows that the right of redemption for delinquent taxes for the year 1919 and years prior thereto is governed by the provisions of C. S., sec. 3256, prior to amendment, wherein the time fixed is three years. Consequently taxes for the year 1919 became delinquent the first Monday in January, 1920, and were subject to redemption to and including the first Monday in January, 1923, and not January 1924 as stated by appellant. Chapter 161, 1923 Session Laws, relates only to lands which are still held by counties for unpaid taxes. The first section of the act relates only to those lands which the county has not yet acquired the right to sell, the time for redemption not having expired, namely, for taxes for 1920, 1921 and 1922. The second section relates to those lands held by the county, and which the county had the right to sell at or prior to the passage of this act, the time for redemption having expired, namely, for the year 1919 and years prior thereto.

It therefore cannot be said that the act in question is a special law within the meaning of art. 3, sec. 19, of the constitution, or that it is capricious, unreasonable or arbitrary.

The judgment of the lower court should be affirmed, and it is so ordered. Costs are awarded to respondent.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.

ON PETITION FOR REHEARING.

(February 4, 1924.)

BUDGE, J.—The questions presented in the petition for rehearing were not called to the attention of the court in the original hearing and therefore were not decided. It is suggested that the case of *Lawrence v. Defenbach*, 23 Ida. 78, 128 Pac. 81, is, in effect, overruled by the later case of *Rice v. Rock*, 26 Ida. 552, 144 Pac. 786. In the case of

*Lawrence v. Corbeille,* 32 Ida. 114, 118, 178 Pac. 834, in the course of that opinion, this court said:

"In the case of *Lawrence v. Defenbach,* 23 Ida. 78, 128 Pac. 81, the tax sale certificates involved in this action were under consideration. It was there held that the respondent in this action was not required to comply with Rev. Codes, sec. 1763, as amended, for the reason that the time within which the owner might have redeemed from these tax sales had expired before the passage of the law, and that the law could not affect the vested rights of the holder of the tax sale certificates.

"It is suggested that the case of *Rice v. Rock,* 26 Ida. 552, 144 Pac. 786, impliedly, though not expressly, over-rules the Defenbach case. Such is not the case, however, for the time of redemption from the tax sale certificates involved in the case of *Rice v. Rock,* did not expire until more than a year after the enactment of the amendment, and the requirements of the amendment were properly held not to interfere with any vested rights of the holder of the certificate in that case. The two cases are not in conflict."

It will therefore be seen that this contention cannot be sustained. However, the Defenbach case considered only the rights of a purchaser of tax sale certificates from the county. The rights of purchasers of tax deeds from the county are not involved in the instant case. Neither are they involved or in any manner affected by the provisions of chapters 45 and 161, 1923 Sess. Laws. Sec. 1 of chapter 161 refers explicitly to taxes levied for the years 1920, 1921 and 1922 "in all cases where the county has or will become the purchaser," but in none of these cases would the county yet be entitled to a tax deed and therefore would not have transferred the title, and not having transferred the title the Defenbach case has no application. Sec. 2 of chapter 161, *supra,* contains the condition: "and the county has not disposed of such real estate." It is therefore clear that the provisions of chapter 161 apply only to cases where the county still holds the property, and, as stated in the original opinion, the county has under such circumstances no vested

right to such property. With the foregoing in mind it is difficult to see the point urged by the attorney general in petition for rehearing, since it is plain that the Defenbach case has no application to sales made to the county for delinquencies, and those are the only sales embraced in the provisions of chapter 161 and properly considered by the opinion in this case. So far as the feature of the case in this respect is involved the Defenbach case is not in point. As a matter of fact, the court cited the Defenbach case only in its consideration of appellant's contention that the act is arbitrary in its operation in that it places a greater burden upon persons whose taxes have gone delinquent for the year 1919 than upon those whose taxes have gone delinquent for any other year. If the county has not parted with the title, such persons have the right to redeem under the provisions of section 2, and the rule of the Defenbach case would only apply where purchasers from the county had acquired a vested interest and in such cases there could be no doubt of its application. Where the county has not parted with the title redemption may be had as provided for in chapter 161, 1923 Sess. Laws. Where the county has parted with the title by tax sale and the period of redemption has expired, under the law in force at the time of the sale from the county to a third party, the time of redemption is not extended under the provisions of chapter 45, 1923 Sess. Laws.

We are asked to clarify by construction the provisions of sec. 1, chapter 161, 1923 Sess. Laws with regard to the question whether the redemptioner, in order to avail himself of the relief provided, must pay all of the delinquent taxes for the three years, namely, 1920, 1921 and 1922, at the same time or whether he may be allowed to pay the delinquency for each year separately. The language of these provisions is far from clear, but the intent of the act is in the highest sense remedial and it should be construed accordingly. This is not an act imposing an obligation or a duty, but it is an act extending relief to a certain class of citizens and conferring upon those in that class the right

to avail themselves of its provisions. Plainly the exercise of the right should not be limited beyond the necessary implication of the language used when the object and purposes of the statute are borne in mind, but, inasmuch as the language is ambiguous when taken by itself and there seems to be much variance of opinion as to its proper construction and the matter is of great practical importance, it would seem proper for the court to pass upon this point also. We conclude that a taxpayer whose taxes are delinquent for 1920, 1921 and 1922 is not required to pay such delinquent taxes in a lump sum for the three years in order to avail himself of the provisions of sec. 1 of the act, but, upon the payment to the county of such delinquent taxes for any one of those years, less any penalties, together with interest thereon at the rate of seven per cent per annum from the date of delinquency, he may redeem his property from such sale for that year, and may make like redemptions for the other years in the same manner at any time, before the county conveys the property. The petition for rehearing is denied.

McCarthy, C. J., and Dunn, William A. Lee and Wm. E. Lee, JJ., concur.